FILED
United States Court of Appeals
Tenth Circuit

November 7, 2019

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

SONIA ORDONEZ,

     Plaintiff - Appellant,

v.

CANYONS SCHOOL DISTRICT,

     Defendant - Appellee.

No. 18-4125
(D.C. No. 2:13-CV-00245-DAK-EJF)
(D. Utah)

_____

**ORDER AND JUDGMENT**[*]
_____

Before **HARTZ**, **MATHESON**, and **CARSON**, Circuit Judges.
_____

The district court granted summary judgment to Canyons School District

(Canyons) in Sonia Ordonez's employment-related lawsuit, ruling that she was

judicially estopped from pursuing the action. She appeals. We affirm.

**BACKGROUND**

Canyons employed Ordonez from November 2008 until April 2011. On

October 18, 2010, she attempted to file a charge of discrimination and retaliation

_____

[*] After examining the briefs and appellate record, this panel has determined
unanimously that oral argument would not materially assist in the determination of
this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore
ordered submitted without oral argument. This order and judgment is not binding
precedent, except under the doctrines of law of the case, res judicata, and collateral
estoppel. It may be cited, however, for its persuasive value consistent with
Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

against Canyons with the Equal Employment Opportunity Commission (EEOC). The EEOC deemed her charge filed two months later, on December 22, 2010.

A day before the EEOC formally accepted her charge, on December 21, 2010, Ordonez filed a Chapter 7 petition in the United States Bankruptcy Court for the District of Utah. On December 30 she filed her statement of financial affairs in the bankruptcy proceeding. The instructions for the statement required her to "[l]ist all suits and administrative proceedings as to which the debtor is or was a party within one year immediately preceding the filing of this bankruptcy case." R., Vol. II at 127. In the statement she failed to disclose her pending administrative claim against Canyons.

In October 2011 the bankruptcy court discharged her debts. After receiving a right-to-sue letter from the EEOC in January 2013, Ordonez filed this action against Canyons in the District of Utah on April 3, 2013. In September 2016 the district court dismissed all of Ordonez's claims except her retaliation claim.

On February 27, 2017, in a separate case involving Ordonez also filed in the District of Utah, the district court held a settlement conference. Ordonez admits that Magistrate Judge Dustin Pead informed her during the conference that she should have disclosed a claim against the defendant, Air Serv Corporation, in her bankruptcy proceeding.

In June 2017, Ordonez moved to reopen her bankruptcy. The bankruptcy court granted her motion to reopen. On December 1, 2017, Ordonez amended her

statement of financial affairs to include her Title VII claims against Air Serv but did not disclose her claims against Canyons.

The day before—November 30, 2017—Canyons had moved in this action for summary judgment on Ordonez's remaining retaliation claim. While that motion was pending, on January 3, 2018, the district court ordered Ordonez to state whether she had disclosed her administrative claim against Canyons during her 2010 Chapter 7 bankruptcy. The court cited its prior memorandum decision in the Air Serv case, in which it had granted summary judgment against Ordonez on judicial-estoppel grounds for her failure to disclose her Title VII claims against Air Serv during her bankruptcy. Ordonez responded to the district court's order, and the parties briefed the judicial-estoppel issue.

In the Air Serv case the bankruptcy Trustee reached a settlement of the (dismissed) claims with Air Serv (now known as ABM Aviation, Inc.).[1] Under the terms of the settlement, ABM paid the Trustee an amount sufficient to compensate Ordonez's general unsecured creditors for the unpaid portion of their allowed claims and to cover the allowed administrative expenses of her bankruptcy. In exchange for this payment, the Trustee agreed to release ABM from Ordonez's Title VII claims against ABM.

The bankruptcy court later entered orders approving the settlement agreement and the Trustee's final report. The Trustee then distributed the settlement funds,

---

[1] We take judicial notice of the appellate record filed in this court in the ABM Aviation litigation, *see* Appeal Nos. 17-4188, 18-4094, 18-4095, and 18-4096.

3

paying all of Ordonez's creditors, the Trustee's fees, and the Trustee's attorney's fees. Ordonez appealed from the bankruptcy court's orders to the United States Bankruptcy Appellate Panel of the Tenth Circuit (BAP). Because the settlement had been effectuated, the BAP dismissed her appeals as moot. She then appealed to this court the BAP's dismissals and the district court's dismissal of her underlying Title VII action against ABM, and we dismissed her appeals as moot.

While proceedings were ongoing in the bankruptcy courts, on June 28, 2018, the magistrate judge assigned to this case entered a report and recommendation that summary judgment be granted to Canyons based on judicial estoppel. The magistrate judge reasoned that Ordonez had adopted an inconsistent position when she represented to the bankruptcy court that she did not have any administrative proceedings, lawsuits or other damage claims, even while pursuing her EEOC claim; that she "succeeded in persuading the bankruptcy court to adopt her position when it proceeded to discharge her debts without knowledge of her claim against Canyons"; and that she "would gain an unfair advantage if not estopped from pursuing her claim against Canyons because the bankruptcy court did discharge her debts." R., Vol. 2 at 423. The magistrate judge stated Ordonez had learned in February 2017 that she should have disclosed her EEOC filing during her bankruptcy. Under these circumstances, she concluded, the equities weighed in favor of judicially estopping Ordonez from proceeding with the claim.

The district court adopted the magistrate judge's recommendation. It entered final judgment dismissing this action, from which Ordonez appeals.

4

# ANALYSIS

"On summary judgment, we view the facts and draw all reasonable inferences in a light most favorable to the nonmovant, . . . in determining whether [Canyons] is entitled to judgment as a matter of law." *Asarco, LLC v. Noranda Mining, Inc.*, 844 F.3d 1201, 1207 (10th Cir. 2017). We review the district court's decision to judicially estop Ordonez for an abuse of discretion. *See id.* at 1207. We construe her pro se filings liberally without serving as her advocate. *See James v. Wadas*, 724 F.3d 1312, 1315 (10th Cir. 2013).

Judicial estoppel is an equitable remedy used "to protect the integrity of the judicial process by prohibiting parties from deliberately changing positions according to the exigencies of the moment." *New Hampshire v. Maine*, 532 U.S. 742, 749-50 (2001) (citation and internal quotation marks omitted). "Where a party assumes a certain position in a legal proceeding, and succeeds in maintaining that position, he may not thereafter, simply because his interests have changed, assume a contrary position, especially if it be to the prejudice of the party who has acquiesced in the position formerly taken by him." *Id.* at 749 (brackets and internal quotation marks omitted).

In determining whether to judicially estop a party, courts typically examine three factors. First, has the party taken a position that is "clearly inconsistent with its earlier position"? *Id.* at 750 (internal quotation marks omitted). Second, would judicial acceptance of the later position create the impression "that either the first or the second court was misled"? *Id.* (internal quotation marks omitted). And third,

5

would allowing the party to change its position give it "an unfair advantage or impose an unfair detriment on the opposing party if not estopped"? *Id.* at 751. These factors "do not establish inflexible prerequisites or an exhaustive formula for determining the applicability of judicial estoppel." *Id.* "[I]t may be appropriate to resist application of judicial estoppel when a party's prior position was based on inadvertence or mistake." *Id.* at 753 (internal quotation marks omitted). The ultimate issue is whether "considerations of equity persuade [the court] that application of judicial estoppel is appropriate." *Id.* at 755.

Construing Ordonez's opening brief liberally, she makes several arguments in opposition to the application of judicial estoppel. She claims the omission of her claim against Canyons was an honest mistake, which she made inadvertently and without any intent to conceal her claim from the bankruptcy court. She asserts she was hindered by her lack of comprehension of English, her ignorance of the law, and bad advice from a person she paid to prepare her petition. In general, she contends that the district court insufficiently considered the fact that she acted in subjective good faith.

These arguments fail to demonstrate that the district court abused its discretion in applying judicial estoppel. The district court reasoned that despite Ordonez's assertions about good faith, lack of knowledge, or misleading advice, the equities favored application of judicial estoppel:

> Assuming someone misadvised Ms. Ordonez when she filed for bankruptcy in December 2010, Ms. Ordonez knew of the existence of her claims against Canyons when she filed her lawsuit in April 2013, and had

6

sufficient notice after February 2017 that she needed to amend her bankruptcy filings to reflect any administrative claims, lawsuits, or any other claims for damages. Moreover, Ms. Ordonez knew of her claim against Canyons, reopened and amended her bankruptcy filings in 2017, but again omitted mention of the claim against Canyons. Not until January 16, 2018, after the Court ordered her to reveal whether she had disclosed her administrative claims against Canyons during her bankruptcy, did Ms. Ordonez finally amend to include the claim. Ms. Ordonez knew of her duty to amend her bankruptcy filings no later than February 2017 because of her case against Air Serv.

Magistrate Judge's Recommendation, R., Vol. II at 423-24.

Even if Ordonez asserts that her failure to disclose her claim before February 2017 was the result of a mistake (say, from mistaken advice), that failure could still support judicial estoppel. We have said that "courts addressing a debtor's failure to satisfy the legal duty of full disclosure to the bankruptcy court have deemed such failure inadvertent or mistaken only when, in general, the debtor either lacks knowledge of the undisclosed claims or has no motive for their concealment." *Eastman v. Union Pac. R.R. Co.*, 493 F.3d 1151, 1157 (10th Cir. 2007) (internal quotation marks omitted). Ordonez has failed to show either lack of knowledge or lack of motive for concealment. *See Anderson v. Seven Falls Co.*, 696 F. App'x 341, 347 (10th Cir. 2017) (holding district court did not abuse its discretion when inferring that debtor knew about potential claim and that she had a motive to conceal a potential asset that could result in the denial of a discharge in bankruptcy). She blames a bankruptcy preparer, who purportedly failed to tell her to include the claims on her statement of financial affairs, for the omission of her claims against her employers from her original filings. But in *Eastman* we rejected a similar attempt by

7

the debtor to claim inadvertence or mistake and to place the blame for an omission on his bankruptcy attorney. *See Eastman*, 493 F.3d at 1157-58.

Ordonez also blames the Trustee for permitting her to obtain a discharge in bankruptcy even after she sent him a letter in which she mentioned that the Labor Commission was investigating her unfair termination from her job with Air Serv and that she was trying to get her job back. But even assuming such an offhand reference to her claim against Air Serv could weigh against application of judicial estoppel *in the Air Serv case*, she fails to point us to specific evidence that before discharge she informed the Trustee of her claims *against Canyons*.

Ordonez further attributes her belated disclosure of her claims against Canyons to bad advice from the Trustee. She claims he advised her in February 2017 that she did not need to reopen her bankruptcy case and that if she ever received any compensation from her Title VII claims she would just need to inform him. She also claims that when her case was reopened the Trustee told her he would "take care of everything," including disclosing her Title VII claims. Aplt. Opening Br. at 6. She then complains the Trustee failed to schedule her claims or to inform her of her responsibility to do so.

But in fact it was Ordonez who moved to reopen her bankruptcy case. And it was Ordonez who amended her statement of financial affairs in December 2017 to reflect her claim against Air Serv, at which time she did *not* disclose her claims against Canyons. Only later, in January 2018, after the district court ordered her to state whether she had disclosed her administrative claims during her bankruptcy

8

proceeding, did she again amend her statement of financial affairs to reflect her claims against Canyons. In sum, even viewing the facts in the light most favorable to her, Ordonez fails to show that the Trustee's alleged bad advice or misstatements prevented her from making an earlier disclosure of her claims against Canyons.

Ordonez also argues that on January 9, 2018, unnamed legal-aid staff misinformed her that because the EEOC officially had accepted her charge of discrimination for filing on the day after she filed her bankruptcy, the claim was not part of her estate. But she fails to show that she presented this argument in the district court. We therefore decline to consider it. *See Richison v. Ernest Grp., Inc.*, 634 F.3d 1123, 1127-28 (10th Cir. 2011).

In sum, Ordonez's nondisclosure pertaining to the Air Serv case was specifically brought to her attention before she amended her filings, but she still did not disclose the Canyons claim. *Cf. Queen v. TA Operating, LLC*, 734 F.3d 1081, 1094 (10th Cir. 2013) (noting importance of factor that a "nondisclosure was specifically brought to the [debtors'] attention before they amended their filings, but they still did not fully and accurately disclose the lawsuit"). In addition, she had a motive in her original filings to conceal the claim; "it was to [her] benefit to conceal the claim so that [she] could receive a full discharge in bankruptcy before proceeding with the lawsuit." *Id.* Thus, her assertions of inadvertence or mistake fail to prevent the application of judicial estoppel.

Addressing the third judicial-estoppel factor, Ordonez argues that her debts have been entirely paid through the Air Serv settlement. *See* Aplt. Opening Br. at

9

12-13. Presumably she is contending there is no prejudice to her creditors from her inconsistent positions in this case. But we have rejected similar arguments. *See Eastman*, 493 F.3d at 1160 ("That [the debtor's] bankruptcy was reopened and his creditors were made whole once his omission became known is inconsequential. A discharge in bankruptcy is sufficient to establish a basis for judicial estoppel, even if the discharge is later vacated. Allowing [Ordonez] to back up and benefit from the reopening of [her] bankruptcy only after [her] omission had been exposed would suggest that a debtor should consider disclosing potential assets only if [she] is caught concealing them." (brackets and internal quotation marks omitted)). We also note that Ordonez strenuously opposed the Air Serv settlement even though it paid her creditors in full. The fact that her bankruptcy case was reopened and her creditors were paid does not make the application of judicial estoppel an abuse of discretion.

**CONCLUSION**

"[I]t was not arbitrary, capricious, or manifestly unreasonable for the district court to reject [Ordonez's] arguments of mistake and inadvertence." *Queen*, 734 F.3d at 1094. We therefore affirm the district court's grant of summary judgment on judicial-estoppel grounds.

Entered for the Court

Harris L Hartz
Circuit Judge

10